[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Willie Wilson, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator. In a prior appeal, we reversed the initial adjudication made by the trial court and remanded the case for consideration of the record in accordance with the obligations imposed by R.C. 2950.09(B)(2). See State v. Wilson (Sept. 11, 1998), Hamilton App. No. C-970880, unreported. On remand, the trial court held another hearing and determined Wilson to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, we affirm that determination.
Wilson's first three assignments of error were rejected by this court in his first appeal. See Wilson, supra.
Wilson's fourth assignment of error asserts that the sexual-predator adjudication was against the manifest weight of the evidence. The weight of the evidence is a matter for the trial court to decide, and when that determination is supported by competent evidence, this court will not disturb the trial court's conclusion. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212; C.E. Morris Co. v. Foley Constr. Co (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
In this case, we cannot say that the trial court's finding was contrary to the weight of the evidence. On remand, the trial court considered the transcript of the grand-jury testimony of the victims and the arresting officers, as well as the 1979 decision of this court that affirmed Wilson's conviction after summarizing the evidence presented at trial. See State v.Wilson (Jan. 31, 1979), Hamilton App. No. C-77741, unreported. At the sexual-predator hearing, the evidence presented to the trial court detailed Wilson's abduction of two women from a parking garage and his use of a steak knife and threats of violence to subdue the women. Wilson also robbed both women and raped one of them. Resultantly, we hold that the trial court had sufficient information before it to determine that Wilson is a sexual predator pursuant to the standards imposed by R.C. 2950.09.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge